UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| MICHELLE KAPLAN, et al., | ) | |
| Plaintiffs | ) ) ) | |
| v. | ) ) | 1:14-cv-00276-DBH |
| BLUE HILL MEMORIAL HOSPITAL, | ) ) ) | |
| Defendant | ) | |

**MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO AMEND**

In this action, Plaintiffs Michelle and Mark Kaplan allege retaliatory discharge and additional related claims regarding their employment with Defendant Blue Hill Memorial Hospital. The matter is before the Court on Defendant's motion to amend its answer to assert a counterclaim. (Motion for Leave to Amend Answer and Additional Defenses and File Counterclaim, ECF No. 49.)

Following a review of the pleadings, and after consideration of the parties' arguments, the Court grants the motion.

### BACKGROUND

Plaintiffs filed this action on July 10, 2014, and amended their complaint on September 29, 2014. (ECF No. 5.) After the Court denied Defendant's motion to dismiss, on January 20, 2015, Defendant answered the amended complaint. In its scheduling order, the Court established April 8, 2015, as the deadline for amendments to the pleadings. (ECF No. 18.)

On February 16, 2016, Plaintiffs moved, without objection, to modify the scheduling order to extend the expert witness designation deadline and the discovery deadline. In support of the motion, Plaintiffs cited their need to retain another expert because their original expert had a

conflict of interest. In accordance with the parties' request, the Court set September 13, 2016, as the discovery deadline. (ECF No. 48.) To date, the parties have conducted one deposition, the deposition of Defendant's former emergency department director, Dr. Joseph Babbitt.

In connection with the deposition of Dr. Babbitt, counsel for Defendant learned of Plaintiff Mark Kaplan's possible involvement in a matter before his employment with Defendant, which matter counsel believe warranted further investigation. After an investigation, Defendant's counsel determined that Defendant had a good faith basis to assert a claim against Plaintiff Mark Kaplan for alleged misrepresentations made as part of his application for employment with Defendant.

## DISCUSSION

Through its motion to amend, Defendant requests leave to assert a counterclaim for misrepresentation. Plaintiffs contend the motion was not filed timely and that Defendant could have investigated the potential claim much earlier. Plaintiffs also argue that they will be prejudiced by the proposed amendment because they have already "invested heavily in discovery and experts" with the case as presently postured. (Plaintiffs' Opposition at 5, ECF No. 50.) Finally, Plaintiffs argue that the proposed counterclaim is futile.

**A.     Good Cause**

Because Defendant filed the motion to amend after the expiration of the deadline for amendment of the pleadings, Defendant must demonstrate good cause to amend the scheduling order. Fed. R. Civ. P. 16(b)(4). The good cause standard "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." *Somascan, Inc. v. Philips Med. Sys. Nederland, B.V.*, 714 F.3d 62, 64 (1st Cir. 2013) (quoting *Flores-Silva v. McClintock-Hernandez*, 710 F.3d 1, 3 (1st Cir. 2013)).

Defendant filed the motion almost a year after the deadline for amendment of the pleadings. While the timing of the motion is of concern, Defendant has demonstrated good cause for a motion after the deadline. Defendant has explained in detail the due diligence conducted by its counsel before it decided to assert the claim. Given that Defendant's investigation included an effort to obtain and review confidential medical information, the investigation presented certain challenges which increased the length of the investigation. Overall, the Court is satisfied that upon learning of the matter, Defendant conducted a necessary investigation within a reasonable period of time under the circumstances and filed the motion soon after completing the investigation.

In addition, although the prejudice to Plaintiffs is not the primary focus of the good cause analysis, the Court cannot discern any real prejudice to Plaintiffs. Discovery is not due to close until September 13, 2016. The parties, therefore, have sufficient time to complete all discovery, including discovery related to the counterclaim, without delaying the trial. Furthermore, because the parties have only conducted one deposition in the case to this point, the amendment will not require the parties to duplicate much, if any, discovery to address the counterclaim.

**B.     Futility**

Plaintiffs argue that the proposed counterclaim is futile based on documents they contend contradict the allegations asserted by Defendant in the counterclaim. In other words, Plaintiffs' futility argument is based on competing factual inferences that might be drawn from the record. Because the Court must accept Defendant's allegations as true when assessing Plaintiffs' futility argument, *Benson v. Univ. of Me. Sys.*, 857 F. Supp. 2d 171, 175 (D. Me. 2012), and because a plausible factual basis exists to support Defendant's misrepresentation claim, Plaintiffs' futility argument is unpersuasive.

## CONCLUSION

Based on the foregoing analysis, the Court grants Defendant's Motion for Leave to Amend Answer and Additional Defenses and File Counterclaim.  (ECF No. 49.)  Defendant shall file the amended answer and counterclaim on or before May 6, 2016.

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed. R. Civ. P. 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 28th day of April, 2016.